## OWEN et al. v. WESTWOOD LUMBER CO.

District Court, D. Oregon.	January 31, 1927.

No. 10023.

1. Constitutional law ⚌275(2)—Master and servant ⚌11—State statutes, making it crime for employer to require employees to board at particular place or trade at particular store, held unconstitutional (Or. L. §§ 2177, 2178; Const. U. S. Amend. 14).

Or. L. §§ 2177, 2178, making it a crime for an employer to compel by threats or intimidation, or threats to discharge, or using any means to compel an employee against his will to board at a particular hotel or purchase goods or supplies at any particular store, *held* invalid, as an unlawful interference with the liberty to contract, in violation of the Fourteenth Amendment.

2. Torts ⚌10—Requiring employees to trade, though prohibited by statute, held not to give right of action to another merchant for loss of trade (Or. L. §§ 2177, 2178).

Or. L. §§ 2177, 2178, making it a crime to compel employees to board or trade at particular places, if assumed valid, are for protection of employees, and their violation does not give a right of action for damages to a merchant on the ground that he is thereby deprived of trade.

At Law. Action by Richard Owen and Bert S. Kingsley, copartners doing business as the O. K. Trading Company, against the Westwood Lumber Company. On demurrer to complaint. Demurrer sustained.

Lord & Moulton, of Portland, Or., for plaintiffs.

Sidney Teiser, of Portland, Or., for defendant.

BEAN, District Judge. This is an action to recover damages alleged to have been caused by defendant's violation of an act of the Oregon Legislature (sections 2177 and 2178, Oregon Laws), making it a crime for any person or corporation to compel by threats or intimidation, or threats to dis-

charge, or using any means to compel an employee against his will to board at a particular hotel, or purchase goods or supplies at any particular store. The plaintiffs are merchants doing a general mercantile business at Wheeler, in this state, and the defendant is a corporation operating a sawmill at the same place.

It is alleged in the complaint that defendant, its agents, officers, and employees, have established a general mercantile store in the town of Wheeler, under the name of the Bay Mercantile Company, in which it is offering for sale general merchandise of the same kind and character as that handled by the plaintiffs, and for the purpose of wrongfully, unlawfully, and unfairly competing with plaintiffs, and with intent to thereby injure and damage their business, defendant has compelled, by threats and intimidations and threats of discharge, all of its employees to desist from dealing with plaintiffs, and required such employees to purchase their goods and supplies at the store of the Bay Mercantile Company.

[1] The defendant demurs to the complaint on the ground that the Oregon act referred to is violative of the Fourteenth Amendment to the Constitution of the United States, which declares that "no state shall * * * deprive any person of life, liberty, or property, without due process of law"; and, second, if the act is valid, the plaintiff has no right to maintain an action for its violation, because it was intended for the benefit of the employees, and not merchants or innkeepers.

I am unable to distinguish the case in principle from that of Adair v. U. S., 208 U. S. 161, 28 S. Ct. 277, 52 L. Ed. 436, 13 Ann. Cas. 764, or Coppage v. Kansas, 236 U. S. 1, 35 S. Ct. 240, 59 L. Ed. 441, L. R. A. 1915C, 960. The former involved the constitutionality of an act of Congress (30 Stat. 424) concerning interstate carriers and their employees, which made it a crime for any employer, subject to the act, to require an employee to enter into an agreement not to become a member of a labor organization, or threaten any employee with the loss of employment, or unjustly discriminate against any employee, because of his membership in such an organization. The court held the law invalid because an invasion of the personal liberty as well as rights of property granted by the Fifth Amendment to the Constitution.

"Such liberty and right," says the court, "embraces the right to make contracts for the purchase of the labor of others, and equally the right to make contracts for the sale of

one's own labor. * * * While * * * the rights of liberty and property guaranteed by the Constitution against deprivation without due process of law are subject to such reasonable restraints as the common good or the general welfare may require, it is not within the functions of government—at least, in the absence of contract between the parties —to compel any person in the course of his business and against his will to accept or retain the personal services of another, or to compel any person, against his will, to perform personal services for another. The right of a person to sell his labor upon such terms as he deems proper is, in its essence, the same as the right of the purchaser of labor to prescribe the conditions upon which he will accept such labor from the person offering to sell it. So the right of the employee to quit the service of the employer, for whatever reason, is the same as the right of the employer, for whatever reason, to dispense with the services of such employee."

In Coppage v. Kansas, supra, the court held a Kansas statute (Laws 1903, c. 222) making it a misdemeanor for an employer to require an employee not to become or remain a member of any labor organization during the time of his employment was not a legitimate police regulation, as it has no relation to the public health, morals, or welfare, and was repugnant to the due process clause of the Fourteenth Amendment, and an unwarranted interference with the right of liberty and property therein guaranteed. The court said the case could not be distinguished from Adair v. U. S., supra; but, in view of the importance of the issue, it has re-examined the question from the standpoint of reason and authority, and as a result it was constrained to reaffirm the doctrine there applied.

"An interference with this liberty, so serious as that now under consideration, and so disturbing of equality of right, must be deemed to be arbitrary, unless it be supportable as a reasonable exercise of the police power of the state. But, notwithstanding the strong general presumption in favor of the validity of state laws, we do not think the statute in question, as construed and applied in this case, can be sustained as a legitimate exercise of that power."

If, as held in these cases, a law which makes it unlawful for an employer to require an employee to enter into an agreement not to become or remain a member of a labor organization as a condition to his employment is invalid, because an unlawful interference

22 F.(2d)—63

with liberty of contract, manifestly a law making it unlawful for an employer to require as a condition for remaining in his employ to trade at a particular store is likewise invalid.

[2] For these reasons the demurrer, in my opinion, should be sustained. If, however, I am in error in this conclusion, it is clear to my mind that plaintiff has no right of action for a violation by the defendant of the act in question. It was not intended for the benefit of innkeepers and merchants, but for employees. It is an attempt to protect an employee from the greed and avarice of his employer, and the right of action, if any, for damages on account of a violation thereof is in the injured employee, and not merchants and innkeepers, who might be incidentally benefited by the observance of the statute. Colorado Pav. Co. v. Murphy (C. C. A.) 78 F. 28, 37 L. R. A. 630; Kansas City, Ft. S. & M. R. Co. v. Kirksey (C. C. A.) 60 F. 999.

The demurrer is therefore sustained.